UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID CORDISH, et al.,

                       Plaintiffs,

v.

FRANK PARLATO, JR., et al.,

                       Defendants.

**REPLY DECLARATION OF BERNADETTE CLOR**

Civ. No. 1:10-cv-00325A(Sr)

---

I, **Bernadette Clor**, hereby declare that:

1. I am an attorney with the law firm of Duke, Holzman, Photiadis & Gresens LLP, counsel for the plaintiffs David Cordish and The Cordish Company, and I am admitted to practice law before this Court. This declaration is based on personal knowledge and my review of our file in this matter.

2. I submit this reply declaration in further support of plaintiffs' third motion to compel and for sanctions against the defendants and in response to defendants' cross-motion to extend time and compel. We reserve the right to submit a separate response to defendants' cross-motion to extend time and to compel if the Court issues a separate scheduling order on that cross-motion.

3. Plaintiffs' motion should be granted and defendants' cross-motion should be denied for five simple reasons:

- a. Defendants were the first to serve discovery <u>prior</u> to the Federal Rule of Civil Procedure ("Rule") 26 conference, and defendants agreed to early discovery by their actions; in turn, plaintiffs served timely responses as well as their own discovery demands;

- b. Defendants failed to comply with Rule 37 by failing to make a good faith effort to discuss the discovery issues with plaintiffs without court intervention;

- c. Defendants failed to move to extend time under Rule 6(b), and have not alleged a good faith reason or "excusable neglect" in failing to timely serve discovery responses or in failing to comply with this Court's Scheduling Order;

- d. Defendants have not provided any legal authority to support their position; and

- e. Defendants have still failed to serve initial disclosures (which are almost two months overdue) or responses to plaintiffs' document demands (which are approximately five months overdue).

**<u>The cross-motion should be denied for failure to comply with Rule37.</u>**

4. Under Federal Rule of Civil Procedure ("Rule") 37(a)(1), each "motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." <u>See also</u>

Staton v. Connecticut, No. 3:08-cv-142 (JCH), 2009 WL 4250064, at *2 (D. Conn. Nov. 20, 2009)(discussing Rule 37). A motion to compel must be denied where the moving party "does not allege that he made any attempt to confer with counsel for [the opposing party] prior to filing [the] motion." Id.

5.  In this case, although I and partners at my law firm made numerous attempts to contact defendants' counsel, we were unsuccessful. Defendants' counsel failed to respond to any of our attempts to discuss discovery issues without court intervention. <u>At no time, has defendants' counsel contacted me or my firm to discuss any alleged insufficiency of our discovery responses.</u> Our previous attempts at contacting counsel are documented in my September 24, 2010 declaration (Dkt. No. 19-1) and in the August 27, 2010 declaration of Gregory P. Photiadis (Dkt. No. 16-2).

6.  On or about October 4, 2010, well after we filed plaintiffs' third motion to compel, Mr. Grenga called me. I immediately returned his call. Mr. Grenga raised the issue of settling the case and working out a business deal for Parcel 4, a piece of land that plays a role in the underlying dispute. I told Mr. Grenga that I would relay this information to my client and asked him for a written settlement proposal. Mr. Grenga called me a second time on October 4, 2010 to provide additional details regarding settlement and Parcel 4. Mr. Grenga

and I did not discuss any alleged insufficiency of the plaintiffs' discovery responses during either of the phone calls on October 4, 2010.

7. On October 12, 2010, I received a written settlement proposal from Mr. Grenga via e-mail. In the body of this e-mail, Mr. Grenga asked me for an extension of time to answer the third motion to compel; his response was due on October 15, 2010. Paul Grenga's e-mail to me is dated October 12, 2010 at 5:38 p.m. I responded to Mr. Grenga that same day at 6:55 p.m. after forwarding his settlement proposal to my client. A copy of that e-mail exchange is annexed as **Exhibit L.**

8. Although I immediately forwarded the settlement proposal to my client for his review, I did not agree to an extension of time for the defendants' response to the third motion to compel. Due to Mr. Grenga's failure to return any of my letters, e-mails, or phone calls, my client was forced to spend additional time and money bringing the third motion to compel. We had even given Mr. Grenga a "head's up" that we would have to file a third motion to compel unless he called us to discuss the outstanding discovery issues. Mr. Grenga failed to extend that courtesy and did not call us until three days before his response was due. At that late date, we wanted the issue to be in the hands of the court because we had such difficulty reaching opposing counsel up until that time.

9.      The very next day, on October 13, 2010, I e-mailed Mr. Grenga to tell him that my client had reviewed his settlement proposal and had rejected it. Mr. Grenga e-mailed me back saying that he would "move accordingly." Mr. Grenga did not raise any issue relating to the sufficiency of plaintiffs' discovery responses during our October 13, 2010 e-mails. A copy of our October 13, 2010 e-mail exchange is annexed as **Exhibit M.**

10.     Further, there are no grounds for "supervised discovery" or any other type of protective order in this case. Defendants were the first to serve their discovery demands on May 14, 2010 – prior to the Rule 26 conference. (Dkt. No. 16-2, Photiadis 8/27/10 Decl.,¶ 5). Instead of objecting to the discovery demands, plaintiffs chose to respond within the required deadlines mandated by the federal rules, and plaintiffs served their own discovery demands. In essence, this situation is just like one where the parties agree to proceed with discovery prior to a scheduling conference.  Therefore, as the defendants have failed to comply with Rule 37 and have provided no legal authority to support the relief that they seek, their motion to extend time and compel should be denied in its entirety.

**Defendants have failed to comply
with the Federal Rules, Local Rules and this Court's Scheduling Order**

  11. Defendants' counsel did not contact my firm until three days before the response to our third motion to compel was due.

  12. To date, defendants still have not served their initial disclosures or responses to plaintiffs' document demands.

  13. Defendants have raised no good faith reason or "excusable neglect" for failing to serve initial disclosures under this Court's Scheduling Order, failing to comply in a timely manner with plaintiffs' discovery demands, failing to file a motion to extend time under Rule 6(b) – or for failing to call, send an e-mail, or write letter regarding the delay – or to have a secretary, paralegal, or other staff member do so.  Simply being busy is not a good faith reason not to comply with discovery deadlines and is not "excusable neglect." See e.g. McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir.1981), cert. denied, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982) ("a busy practice does not establish 'excusable neglect'"); Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 251 (2d Cir. 1997)(per curiam)(holding that failure to obey an unambiguous court rule and preoccupation with a bid for public office do not warrant the granting of an extension); Mason v. Schriver, 96 CIV. 6942 (LAP), 1999 WL 498221, at *3 (S.D.N.Y. July 13, 1999)("Preoccupation with another trial and mere oversight are

6

not reasons for delay that are sufficient to satisfy the standard for excusable neglect.")

14.   A simple phone call or a motion to extend time prior to the due dates would have sufficed. The single call that we did receive, as detailed in Mr. Photiadis' declaration, was to say that we would be receiving discovery responses by August 17, 2010. However, defendants did not even comply with their own deadline. (Photiadis 8/27/10 declaration,¶ 9).

15.   When defendants finally served their untimely objections and answers to interrogatories, they were not properly verified by the defendants, and defendants have provided no legal authority to support their position that counsel can verify the answers because his clients were traveling. This argument flies in the face of the well-settled rules governing verification. Cf. Walls v. Paulson, 250 F.R.D. 48, 52 (D.D.C. 2008); McDougall v. Dunn, 468 F.2d 468, 472 (4th Cir. 1972), cited in, Roth v. Bank of the Commonwealth, Nos. CIV-79-36E, CIV-76-16E, 1988 WL 439363, at *2 (W.D.N.Y. May 4, 1988).

16.   If this Court should decide to extend the time for defendants to serve to discovery responses, we ask that any such extension specify that it applies solely to answers to interrogatories, responses to document demands, and

initial disclosures because these are the only discovery devices that have been addressed in the parties' motions.

17. For these reasons as well as those discussed in our previous declarations and memorandum of law (Dkt. Nos. 16-2, 19-1, and 19-6), we respectfully request an order pursuant to Federal Rule of Civil Procedure 37 granting the following relief:

(a) striking defendants' answer and entering default judgment against them;

(b) in the alternative, compelling the defendants to serve answers to plaintiffs' interrogatories, responses to plaintiffs' document demands, and initial disclosures within 30 days of this Court's Order;

(c) awarding plaintiffs their attorneys' fees, costs and expenses associated with each of plaintiffs' three motions to compel (Dkt. Nos. 9, 16, and 19);

(d) denying defendants' motion to extend time and to compel; and

(e) for such other and further relief as the Court deems just and proper.

In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of October 2010 in Buffalo, New York.

/s Bernadette Clor<br>Bernadette Clor

**CERTIFICATE OF ELECTRONIC FILING**

    I hereby certify that on October 29, 2010, I caused to be electronically filed the foregoing Reply Declaration of Bernadette Clor, dated October 29, 2010 with attached exhibits, with the Clerk of the District Court for the Western District of New York, using its CM/ECF system, which then electronically notified the following CM/ECF participants in this case:

  Paul A. Grenga, Esq.
  **LAW OFFICES OF PAUL A. GRENGA & ASSOC.**
  *Attorneys for Defendants*
  *Frank Parlato, Jr. and Niagara Roar*
  *Publications, Inc. d/b/a Niagara Falls Reporter*
  730 Main Street
  Niagara Falls, New York 14301
  paulgrenga@hotmail.com


Dated:  October 29, 2010
     Buffalo, New York

          **DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP**
          *Attorneys for Plaintiffs*
          *David Cordish and The Cordish Company*

          By _____/s Bernadette Clor_____
            Bernadette Clor

          1800 Main Place Tower
          350 Main Street
          Buffalo, New York 14202
          (716) 855-1111
          bclor@dhpglaw.com


G:\GPP\Clients\Cordish Company\Pl\Third Motion to Compel\replydecl102910.wpd

# EXHIBIT L

**From:** Bernadette Clor
**Sent:** Tuesday, October 12, 2010 6:55 PM
**To:** 'Paul Grenga'
**Subject:** RE: Cordish v Reporter

Paul: I have forwarded your proposed settlement/stipulation to my clients. I'll let you know their response. I cannot agree to the extension of time on the motions at this late date. I tried repeatedly to contact you before making the motions to discuss these issues, but received no response from you. So, we were forced to spend time and money on motion practice. At this point, it is in the court's hands.

Best regards,

Bernadette Clor, Esq.
Duke, Holzman, Photiadis & Gresens, LLP
1800 Main Place Tower, 350 Main Street
Buffalo, New York 14202-3718
Tel: 716.855.1111, Ext. 136
Fax: 716.855.0327
E-mail: bclor@dhpglaw.com

CONFIDENTIALITY NOTICE: This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at (716) 855 - 1111 (telephone) or (716) 855-0327 or bclor@dhpglaw.com (e-mail). Thank you.

1


EXHIBIT L

**From:** Paul Grenga [mailto:paulgrenga@hotmail.com]
**Sent:** Tuesday, October 12, 2010 5:38 PM
**To:** Bernadette Clor
**Subject:** Cordish v Reporter

Bernadette...

This, I believe, incorporates what Roscetti mentioned.

As to the form of the stipulation, I am of course pliable. The substance is the issue with one of my clients but this works for them. Any comments are appreciated though.

So as to not to waste resources on cross motions or motions to extend, can we stipulate to a short extension to respond to your motions? Frankly, that courtesy would relieve some pressure on my firm and allow me to stay with this matter while attempting a resolution.

Thank you for your consideration.

**Paul A. Grenga, Esq.   Tel.:(716) 282-1200 Cel.:(716) 946-5757**
**IRS CIRCULAR 230 DISCLOSURE:** If this communication or any attachment contains any tax advice, the advice is not intended to be used, and cannot be used, for the purpose of avoiding federal tax penalties or promoting, marketing, or recommending to another party any transaction or matter addressed herein.
**DISCLOSURE/DISCLAIMER:** None of the information contained in this e-mail and attachments, if any, is intended to constitute, nor does it constitute, either legal advice or a solicitation of any particular prospective client. Legal advice is imparted through direct personal contact, telephonic communication or by hard copy written material delivered via U.S. mail, courier or hand delivery. Accordingly, although we intend the information contained in this e-mail and attachments, if any, to be useful, we do not guarantee that any of the information contained here is correct, complete, or up-to-date. Our e-mail and attachments, if any, is not intended to and does not create an attorney-client relationship between you and the writer. The only way to become our client is by specific and explicit agreement with an individual firm attorney. By providing information about our firm in this e-mail we are not soliciting clients nor do we propose any type of transaction. You should not act or rely on any information contained on this e-mail and attachments, if any, without seeking the advice of an attorney. Business and personal transactions with attorneys, including those of this firm, are regulated by the Code of Professional Conduct and Disciplinary Rules. Such transactions with your attorney, including those of this firm, may necessarily result in conflicts of interest with your attorney and may further result in an adverse relationship between you and your counsel. You should not engage in such transactions with your attorney, including those of this firm, without seeking the advice of an outside independent attorney. Any information that you send us in an e-mail message may not be confidential or privileged. Sending us an e-mail message will not make you a client. If you are interested in having us represent you, you should call us so we can determine whether the matter is one for which we are willing or able to accept professional responsibility. We will not make this determination by e-mail communication. The telephone number for our office is listed in this e-mail. We reserve the right to decline any representation. You should therefore not provide us with any confidential information, whether by letter, e-mail, or telephone, until after we have had an opportunity to determine whether representing you would create a conflict of interest with any of our other clients.

2

# EXHIBIT M

**From:** Paul Grenga [mailto:paulgrenga@hotmail.com]
**Sent:** Wednesday, October 13, 2010 8:40 PM
**To:** Bernadette Clor
**Subject:** RE: Cordish v. Parlato, Niagara Roar

Though I had hoped for a more productive dialog, I do thank you for your timeliness in responding.

I will move accordingly.

**Paul A. Grenga, Esq.   Tel.:(716) 282-1200 Cel.:(716) 946-5757**

**IRS CIRCULAR 230 DISCLOSURE:** If this communication or any attachment contains any tax advice, the advice is not intended to be used, and cannot be used, for the purpose of avoiding federal tax penalties or promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**DISCLOSURE/DISCLAIMER:** None of the information contained in this e-mail and attachments, if any, is intended to constitute, nor does it constitute, either legal advice or a solicitation of any particular prospective client. Legal advice is imparted through direct personal contact, telephonic communication or by hard copy written material delivered via U.S. mail, courier or hand delivery. Accordingly, although we intend the information contained in this e-mail and attachments, if any, to be useful, we do not guarantee that any of the information contained here is correct, complete, or up-to-date. Our e-mail and attachments, if any, is not intended to and does not create an attorney-client relationship between you and the writer. The only way to become our client is by specific and explicit agreement with an individual firm attorney. By providing information about our firm in this e-mail we are not soliciting clients nor do we propose any type of transaction. You should not act or rely on any information contained on this e-mail and attachments, if any, without seeking the advice of an attorney. Business and personal transactions with attorneys, including those of this firm, are regulated by the Code of Professional Conduct and Disciplinary Rules. Such transactions with your attorney, including those of this firm, may necessarily result in conflicts of interest with your attorney and may further result in an adverse relationship between you and your counsel. You should not engage in such transactions with your attorney, including those of this firm, without seeking the advice of an outside independent attorney. Any information that you send us in an e-mail message may not be confidential or privileged. Sending us an e-mail message will not make you a client. If you are interested in having us represent you, you should call us so we can determine whether the matter is one for which we are willing or able to accept professional responsibility. We will not make this determination by e-mail communication. The telephone number for our office is listed in this e-mail. We reserve the right to decline any representation. You should therefore not provide us with any confidential information, whether by letter, e-mail, or telephone, until after we have had an opportunity to determine whether representing you would create a conflict of interest with any of our other clients.

---

**Subject:** Cordish v. Parlato, Niagara Roar
**Date:** Wed, 13 Oct 2010 15:54:02 -0400
**From:** bclor@dhpglaw.com
**To:** paulgrenga@hotmail.com; paulgrenga@aol.com

Paul: My clients have reviewed your proposed stipulation and have informed me that they are not interested in your settlement proposal.

Best regards,

Bernadette Clor, Esq.
Duke, Holzman, Photiadis & Gresens, LLP
1800 Main Place Tower, 350 Main Street
Buffalo, New York 14202-3718
Tel: 716.855.1111, Ext. 136
Fax: 716.855.0327
E-mail: bclor@dhpglaw.com

**EXHIBIT M**

CONFIDENTIALITY NOTICE: This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this communication in error, please contact the sender at (716) 855-1111 (telephone) or (716) 855-0327 or bclor@dhpglaw.com (e-mail). Thank you.