UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID CORDISH, et al.,

                                Plaintiffs,                      10-CV-0325A (Sr)

v.

FRANK PARLATO, JR., et al.,

                                Defendants.

---

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

Plaintiffs commenced this action alleging that defendant Frank Parlato, Jr. authored defamatory and libelous articles published by Niagara Roar Publications, Inc., d/b/a the Niagara Falls Reporter, a weekly newspaper which is also available online. Dkt. #1. Plaintiffs have stipulated to the dismissal of defendant Niagara Roar Publications, Inc. Dkt. #26.

Currently before the Court are multiple motions to compel and for sanctions. Dkt. ##16, 19 & 22. For the following reasons, plaintiffs' motions (Dkt. #16 & 19), are granted and defendant Frank Parlato, Jr.'s motion (Dkt. #22), is denied.

### BACKGROUND

Plaintiffs served defendants with document requests and interrogatories on May 27, 2010. Dkt. #16-2, ¶ 6. Defendants failed to timely respond to plaintiffs' discovery demands and made no request for an extension of time in which to respond. Dkt. #16-2, ¶ 7. Despite

numerous letters and e-mails requesting a response to the outstanding discovery demands and advising that plaintiffs would be filing a motion to compel, defendant Frank Parlato, Jr. has yet to respond to plaintiffs' notice to produce and assertion that defendant's interrogatory responses, served after the motion to compel had been filed with the Court, were not properly verified and are deficient. Dkt. #16-9; Dkt. #19-1, ¶ 11 & Dkt. #19-3. Moreover, defendant Frank Parlato, Jr. failed to serve initial disclosures as required by the Court's Case Management Order. Dkt. #19-2, ¶ 9. Plaintiffs advised defendant of these deficiencies by letters dated September 3, 2010 and September 16, 2010. Dkt. #19-4 & Dkt. #19-5.

In response, counsel for defendant argues that he was delayed in his response to his discovery obligations by Frank Parlato, Jr.'s travel outside of the State of New York, competing demands upon his schedule, and the logistical difficulties of opening two law offices. Dkt. #22-1, ¶¶ 18-27. Defendant cross moves for an order of protection allowing Frank Parlato, Jr. sixty days to respond to the outstanding discovery demands as it has become clear, in preparing for this motion, that replies to plaintiffs' discovery demands will be time consuming. Dkt. #22, ¶ 27. Frank Parlato, Jr. also seeks an order compelling plaintiffs to provide adequate responses to defendant's interrogatories and submit to deposition. Dkt. #22.

In reply, counsel for plaintiffs notes that defendant has yet to respond to plaintiffs' document demands or serve initial disclosures. Dkt. #23, ¶ 3. Plaintiffs' counsel also declares that at no time prior to the filing of the cross motion had defense counsel raised any concerns regarding plaintiffs' discovery responses. Dkt. #23, ¶ 5.

**DISCUSSION AND ANALYSIS**

Plaintiffs' motion to compel is granted. Frank Parloto, Jr.'s interrogatory responses are so evasive that the Court strikes the interrogatory response and orders

defendant to submit a substantive response. For example, in responding to plaintiffs' request to specifically identify all documents and information relied upon in publishing the allegedly defamatory articles, defendant is required to identify documents and informational sources with greater specificity than "[n]umerous publications from multiple sources . . ." Dkt. #19-3, p.2. In responding to plaintiffs' discovery demands, defendant should be mindful that, although the Court retains discretion to consider objections to discovery demands, such discretion is limited by defendant's failure to assert objections in a timely manner, which generally operates as a waiver. *See Julicher v. Town of Tonawanda*, 2008 WL 4415226, at *2 (W.D.N.Y. 2008). Defendant Frank Parlato, Jr. shall comply with the mandatory requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure and respond to plaintiffs' interrogatories and document demands within twenty days of the filing of this Decision and Order.

Defendant's cross motion is denied for failure to certify that he had attempted to confer with the person or party allegedly failing to make disclosure, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

> > (iii) other circumstances make an award of expenses unjust.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> >
> > (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> >
> > (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> * * *
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)*, quoting Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). Thus, "[e]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Id.* at 106-07.

Defendant's total disregard for the Court's Case Management Order and his obligations under the Federal Rules of Civil Procedure warrants an award of attorneys fees to plaintiffs. Within thirty days of the entry of this Decision and Order, plaintiffs shall provide the Court with an accounting of time spent communicating with defense counsel regarding overdue Rule 26 disclosures and discovery responses, as well as the time spent preparing their motions to compel and defending against the defendant's motion to compel. Defendant may be heard with respect to this accounting within thirty days of its filing, at which time the Court will determine an appropriate award.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**February 9, 2011**

       **s/ H. Kenneth Schroeder, Jr.**
       **H. KENNETH SCHROEDER, JR.**
       **United States Magistrate Judge**