UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID CORDISH, et al.,

                          Plaintiffs,        **DECLARATION OF**
                                             **GREGORY P. PHOTIADIS**
v.

FRANK PARLATO, JR., et al.,                  Civ. No. 1:10-cv-00325A(Sr)

                          Defendants.
_____

       I, **Gregory P. Photiadis**, hereby declare that:


       1.    I am member of the law firm of Duke, Holzman, Photiadis & Gresens LLP, counsel for the plaintiffs David Cordish and The Cordish Company, and I am admitted to practice law before this Court. This declaration is based on personal knowledge and my review of our file in this matter.


       2.    Under this Court's February 9, 2011 Decision and Order, plaintiffs were awarded attorneys' fees relating to their motions to compel and for sanctions (Dkt. Nos. 16 & 19). A copy of this Court's February 9, 2011 Decision and Order (Dkt. No. 28) is annexed as **Exhibit A.**


       3.    In particular, this Court directed the plaintiffs to provide "an accounting of time spent communicating with defense counsel regarding

overdue Rule 26 disclosures and discovery responses, as well as time spent preparing their motions to compel and defending against defendant's motion to compel." (Ex. A).   This declaration is submitted to provide a statement of fees pursuant to this Court's February 9, 2011 Order.

4.   In addition to myself, the following attorneys and paralegals have worked on this matter: Matthew Beck, Esq., Bernadette Clor, Esq., paralegal Faith Howard, and paralegal Ann Lunday.   Below is a chart of the applicable hourly rates for each attorney and paralegal who worked on the motions to compel and related issues.   I have practiced in this community for over thirty (30) years.   Based upon my experience practicing in the State of New York, Erie County, and the Western District of New York, the hourly billable rates listed below are reasonable and in accord with other attorneys and paralegals who practice and work in this community. Attached collectively as **Exhibit B** are our firm biographies for myself, Mr. Beck, and Ms. Clor which provide brief summaries of our experience.

| **Name** | **Hourly Rate** |
|---|---|
| Gregory P. Photiadis, Esq. | $300.00 |
| Matthew Beck, Esq. | $200.00 |
| Bernadette Clor, Esq. | $175.00 |
| Faith Howard, paralegal | $65.00 |
| Ann Lunday, paralegal | $85.00 |

5.     Attached as **Exhibit C** is a copy of our firm's billing records, kept in the ordinary course of business, on this matter for the relevant motions to compel and related issues. Exhibit C details the tasks performed and the time expended by each attorney and paralegal on these issues. It also details the Westlaw research charges for these issues. Based on my experience practicing in this community, the total hours expended for each attorney and staff member are reasonable and consistent with the amount of time spent on other matters involving similar issues.   The total amount of fees expended on the relevant issues is $4,193.00; total of these together with related Westlaw research charges is $4,329.56.


6.     Therefore, based on this Court's February 9, 2011 Decision and Order and our billing records for this matter, we respectfully request that

the Court award attorneys' fees to the plaintiffs, in the amount of $4,193.00, together with disbursement for a total of $4,329.56.

In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of March 2011 in Buffalo, New York.

s\Gregory P. Photiadis
Gregory P. Photiadis

G:\GPP\Clients\Cordish Company\Pl\Fees\gppdeclfees.wpd

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID CORDISH, et al.,

                                    **Plaintiffs,**                    10-CV-0325A (Sr)

v.

FRANK PARLATO, JR., et al.,

                                    **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #6.

Plaintiffs commenced this action alleging that defendant Frank Parlato, Jr. authored defamatory and libelous articles published by Niagara Roar Publications, Inc., d/b/a the Niagara Falls Reporter, a weekly newspaper which is also available online.  Dkt. #1. Plaintiffs have stipulated to the dismissal of defendant Niagara Roar Publications, Inc.  Dkt. #26.

Currently before the Court are multiple motions to compel and for sanctions. Dkt. ##16, 19 & 22.  For the following reasons, plaintiffs' motions (Dkt. #16 & 19), are granted and defendant Frank Parlato, Jr.'s motion (Dkt. #22), is denied.

## BACKGROUND

Plaintiffs served defendants with document requests and interrogatories on May 27, 2010.  Dkt. #16-2, ¶ 6.  Defendants failed to timely respond to plaintiffs' discovery demands and made no request for an extension of time in which to respond.  Dkt. #16-2, ¶ 7.  Despite

numerous letters and e-mails requesting a response to the outstanding discovery demands and advising that plaintiffs would be filing a motion to compel, defendant Frank Parlato, Jr. has yet to respond to plaintiffs' notice to produce and assertion that defendant's interrogatory responses, served after the motion to compel had been filed with the Court, were not properly verified and are deficient.  Dkt. #16-9; Dkt. #19-1, ¶ 11 & Dkt. #19-3.  Moreover, defendant Frank Parlato, Jr. failed to serve initial disclosures as required by the Court's Case Management Order.  Dkt. #19-2, ¶ 9.  Plaintiffs advised defendant of these deficiencies by letters dated September 3, 2010 and September 16, 2010.  Dkt. #19-4 & Dkt. #19-5.

In response, counsel for defendant argues that he was delayed in his response to his discovery obligations by Frank Parlato, Jr.'s travel outside of the State of New York, competing demands upon his schedule, and the logistical difficulties of opening two law offices.  Dkt. #22-1, ¶¶ 18-27.  Defendant cross moves for an order of protection allowing Frank Parlato, Jr. sixty days to respond to the outstanding discovery demands as it has become clear, in preparing for this motion, that replies to plaintiffs' discovery demands will be time consuming.  Dkt. #22, ¶ 27.   Frank Parlato, Jr. also seeks an order compelling plaintiffs to provide adequate responses to defendant's interrogatories and submit to deposition.  Dkt. #22.

In reply, counsel for plaintiffs notes that defendant has yet to respond to plaintiffs' document demands or serve initial disclosures.  Dkt. #23, ¶ 3.  Plaintiffs' counsel also declares that at no time prior to the filing of the cross motion had defense counsel raised any concerns regarding plaintiffs' discovery responses.  Dkt. #23, ¶ 5.

## DISCUSSION AND ANALYSIS

Plaintiffs' motion to compel is granted.  Frank Parloto, Jr.'s interrogatory responses are so evasive that the Court strikes the interrogatory response and orders

defendant to submit a substantive response.  For example, in responding to plaintiffs' request to specifically identify all documents and information relied upon in publishing the allegedly defamatory articles, defendant is required to identify documents and informational sources with greater specificity than "[n]umerous publications from multiple sources . . ." Dkt. #19-3, p.2.  In responding to plaintiffs' discovery demands, defendant should be mindful that, although the Court retains discretion to consider objections to discovery demands, such discretion is limited by defendant's failure to assert objections in a timely manner, which generally operates as a waiver.  *See Julicher v. Town of Tonawanda*, 2008 WL 4415226, at *2 (W.D.N.Y. 2008).  Defendant Frank  Parlato, Jr. shall comply with the mandatory requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure and respond to plaintiffs' interrogatories and document demands within twenty days of the filing of this Decision and Order.

Defendant's cross motion is denied for failure to certify that he had  attempted to confer with the person or party allegedly failing to make disclosure, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure.

Rule  37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But, the court must not order this payment if:
>
> (i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)     other circumstances make an award of expenses
unjust.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that:

If a party . . . fails to obey an order to provide or permit discovery .
. . the court in which the action is pending may make such orders
in regard to the failure as are just, and among others the
following:

(A) An order that the matters regarding which the order
was made or any other designated facts shall be taken to
be established for the purposes of the action in
accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to
support or oppose designated claims or defenses, or
prohibiting that party from introducing designated matters
in evidence;

(C) An order striking out pleadings or parts thereof, or
staying further proceedings until the order is obeyed, or
dismissing the action or proceeding or any part thereof, or
rendering a judgment by default against the disobedient
party;

\* \* \*

In lieu of any of the foregoing orders or in addition thereto, the
court shall require the party failing to obey the order or the
attorney advising that party or both to pay the reasonable
expenses, including attorney's fees, caused by the failure, unless
the court finds that the failure was substantially justified or that
other circumstances make an award of expenses unjust.

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide

discretion in sanctioning a party for discovery abuses." *Residential Funding Corp. v. DeGeorge*

*Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002), *quoting Reilly v. Natwest Markets Group, Inc.*,

181 F.3d 253, 267 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000).  Thus, "[e]ven in the

absence of a discovery order, a court may impose sanctions on a party for misconduct in

discovery under its inherent power to manage its own affairs."  *Id.* at 106-07.

Defendant's total disregard for the Court's Case Management Order and his obligations under the Federal Rules of Civil Procedure warrants an award of attorneys fees to plaintiffs.  Within thirty days of the entry of this Decision and Order, plaintiffs shall provide the Court with an accounting of time spent communicating with defense counsel regarding overdue Rule 26 disclosures and discovery responses, as well as the time spent preparing their motions to compel and defending against the defendant's motion to compel.  Defendant may be heard with respect to this accounting within thirty days of its filing, at which time the Court will determine an appropriate award.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
**February 9, 2011**

　　　　　　　　　　　　　　　　**s/ H. Kenneth Schroeder, Jr.**
　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　**United States Magistrate Judge**

# EXHIBIT B

Duke, Holzman, Photiadis & Gresens - our Attorneys

Attorneys at Law

# Duke, Holzman, Photiadis & Gresens

- our firm
- our Attorneys
- practice Areas
- Home

All Attorneys



Download My VCard

**Memberships and Associations**

Erie County Bar Association, Member

New York State Bar Association (Sections on Commercial and Federal Litigation), Member

Federal Court Mediator for Western District of New York

**Education**

State University of New York at Buffalo Law School, J.D., magna cum laude, 1977

Columbia University and State University of New York at Buffalo, B.A., magna cum laude, 1974

**Court Admissions**

New York and U.S. District Court, Western District of New York, 1978

2d Cir. Court of Appeals, 1983

# Gregory P. Photiadis

**Senior Partner**

**Practice Areas:**

- Acquisitions and Divestitures
  - Complex Business Litigation
    - Construction Litigation
- Corporate Company Financing
  - Divestitures
- Environmental Law and Litigation
  - Insurance Litigation
    - Mergers
  - New Business Development
    - Permitting
- Refinancing and Restructuring

Gregory P. Photiadis received his undergraduate degree from the State University of New York at Buffalo, magna cum laude, in 1974. He graduated from the State University of New York at Buffalo Law School, magna cum laude, in 1977, and was a member of the Sea Grant Law Journal. He was an assistant professor at Niagara Community College in 1976 and 1977 where he taught three law courses. Mr. Photiadis is a member of the Erie County Bar Association and New York State Bar Association (Sections on Commercial and Federal Litigation). He is also a Federal Court Mediator for the Western District of New York.

Mr. Photiadis is a Senior Partner of the Duke, Holzman, Photiadis & Gresens firm. The firm specializes in complex construction and business litigation and corporate law transactions, mergers, acquisitions and divestitures. He is admitted to practice in the State and Federal Courts of New York and has been admitted pro hac vice and tried cases in State and Federal Courts in several other jurisdictions, including Connecticut, Maine, Massachusetts, New Jersey, Illinois, Ohio, Wisconsin and Florida.

Mr. Photiadis has been lead trial counsel in major construction, business and environmental litigation cases since 1978. He has practiced construction law for more than 30 years and represented many developers, general contractors, subcontractors and architects/engineers on contract matters, claims and litigation. He has also served as general counsel for privately held companies, which representation has included financing, capital restructure, acquisitions, mergers and divestures.

### Reported Decisions

Mazzocki et al. v. State Farm Fire and Casualty Corp., 1 A.D.3d 9, 766 N.Y.S.2d 719 (3d Dept. 2003).

Joretta K. Lane v. Security Mutual Insurance Company, 96 N.Y.2d 1, 747 N.E.2d 1270, 724 N.Y.S.2d 670 (2001).

Roller v. Buchheit et al., 98-CV-772S(F) (W.D.N.Y. March 29, 2001) (Skretny, J.).

Lawrence Davis v. Jeffrey Davis et al., 266 A.D.2d 867, 697 N.Y.S.2d 888 (4th Dept. 1999), leave denied, 94 N.Y.2d 761, 706 N.Y.S.2d 81 (2000).

In the Matter of Concerned Citizens of Cattaraugus County, Inc. v. Town Board of Town of Farmersville and Integrated Waste Systems, Inc., 221 A.D.2d 1010 (4th Dept. 1995).

International Salt Company v. Geostow, 878 F.2d 570 (2d Cir.1989).

State of New York v. Donald O'Hara, et al., 595 F.Supp. 1101 (W.D.N.Y. 1984).

Apache Corporation v. McKeen, 529 F.Supp. 459 (W.D.N.Y. 1982).

David L. Palmerton v. Envirogas, Inc., 80 A.D.2d 996 (4th Dept. 1981).

Telephone: (716) 855-1111  »  Facsimile: (716) 855-0327  »  Email: dukeholzman@dhpglaw.com  »  1800 Main Place Tower,
350 Main St. Buffalo, New York 14202 »

*Attorney Advertising Our Firm I Our Attorneys I Practice Areas I Contact Us I Home
Attorney Advertising Notice

## Attorneys at Law

# Duke, Holzman, Photiadis & Gresens

- our firm
- our Attorneys
- practice Areas
- Home

All Attorneys



Download My VCard

**Memberships and Associations**

New York State and Erie County Bar Associations, Member

General Building Contractors Association and The Associated General Contractors of America, Associate Member

**Education**

State University of New York at Buffalo Law School, J.D., cum laude, 2002 (Recipient: Adelbert Moot Scholarship; Norman B. Lewis Scholarship; Hyman Scholarship; Member: Desmond Moot Court Board; Jessup International Moot Court Board)

State University of New York at Plattsburgh, 1999, B.A.

**Court Admissions**

2003, New York State Courts

2003, United States District Court, Western District of New York

2008, United States Court of Appeals for the Second Circuit

2008, United States Court of Appeals for the Tenth Circuit

Pro Hac Vice Admission to various other Federal District Courts

# Matthew J. Beck

**Partner**

**Practice Areas:**

- Commercial Litigation
- Construction Litigation
- Environmental Law and Litigation
- Insurance Litigation

A native of Buffalo, New York, Mr. Beck joined the firm in 2002. Since joining the firm, Mr. Beck has engaged in significant trial and appellate work in the areas of Commercial/Business Litigation, Construction Litigation and Insurance Litigation. He regularly represents entrepreneurs and entities in a wide range of contract and business disputes.

Mr. Beck has also devoted a significant amount of his practice to the construction industry. From filing mechanic's liens and bond claims to extensive mediations, arbitrations and trials, he regularly represents owners, developers, general contractors, specialty contractors, subcontractors and other entities involved in construction disputes. He is an associate member of the General Building Contractors Association and has published several articles on issues of law crucial to the construction industry.

## Reported Decisions

Ogden City Redevelopment Agency v. Ontario Specialty Contracting, 2008 WL 852185 (D. Utah 2008).

All Star Leasing, Inc. v. Joseph Davis, Inc., 17 A.D.3d 1061, 794 N.Y.S.2d 238 (4th Dept. 2005).

Makuch v. N.Y. Cent. Mut. Fire Ins. Co., 12 A.D.3d 1110, 785 N.Y.S.2d 236 (4th Dept. 2004).

Payer ex rel. Transition Metals Technology Inc. v. The SGL Carbon, LLC, 2006 WL 2714190 (W.D.N.Y. 2006).

Fahrenholz v. Sec. Mut. Ins. Co., 13 A.D.3d 1087, 786 N.Y.S.2d 768 (4th Dept. 2004)

Telephone: (716) 855-1111 » Facsimile: (716) 855-0327 » Email: dukeholzman@dhpglaw.com » 1800 Main Place Tower, 350 Main St. Buffalo, New York 14202 »
*Attorney Advertising Our Firm | Our Attorneys | Practice Areas | Contact Us | Home
Attorney Advertising Notice

Case 1:10-cv-00385-RJA-HKS Document 31 Filed 03/03/11 Page 17 of 22

Attorneys at Law

# Duke, Holzman, Photiadis & Gresens

- our firm
- our Attorneys
- practice Areas
- Home

All Attorneys



Download My VCard

**Education**

Cornell Law School, cum laude, J.D., 1999

Honors: Cornell International Law Journal, Editor; Cornell Moot Court Board; Fasken Campbell Godfrey (Jessup) International Moot Court; Jessup Moot Court Regional Team

UNC-Greensboro, M.A., English Literature, 1996

University at Buffalo, B.A., English Literature and Women's Studies, summa cum laude, 1993

Honors: Phi Beta Kappa; Golden Key Honor Society; Outstanding Student in American Studies, 1993.

**Court Admissions**

New York State Courts, 2003

U.S. District Court for the Western District of New York, 2003

U.S. Bankruptcy Court for the Western District of New York, 2004

U. S. Supreme Court, 2010

# Bernadette Clor

**Special Counsel**

**Practice Areas:**

- Appellate Practice
- Commercial Litigation
- Complex Business Litigation
- Construction Litigation
- Higher Education Law
- Labor & Employment

Bernadette Clor joined the firm in 2009. From 1999 to 2001, Bernadette served a two-year term as a confidential law clerk to the Hon. William M. Skretny in the Western District of New York. Upon completion of her clerkship, she worked as an associate for several years at two area law firms, primarily engaged in commercial and construction litigation. Immediately prior to joining the firm, Bernadette taught legal methods as a professor at the University at Buffalo Law School.

Bernadette focuses her practice on business, contract, construction and employment law matters, representing her clients in administrative and court forums. Bernadette's clients include owners and contractors in the construction industry, entrepreneurs, local and national businesses, law firms, and private universities.

Telephone: (716) 855-1111 » Facsimile: (716) 855-0327 » Email: dukeholzman@dhpglaw.com » 1800 Main Place Tower, 350 Main St. Buffalo, New York 14202 »
*Attorney Advertising Our Firm | Our Attorneys | Practice Areas | Contact Us | Home
Attorney Advertising Notice

# EXHIBIT C

Duke, Holzman, Photiadis & Gresens LLP
1800 Main Place Tower
350 Main Street
Buffalo, New York 14202-3718

# History Bill

Date:   2/10/2011

| Date | Staff | T/E | Description | | Dur/Qty | Amount |
|------|-------|-----|-------------|-|---------|--------|
| The Cordish Companies | | | Client No. | | | |
| CORDISH - Defamation - Frank | | | Matter No.   CORDISH.10-01D | | | |
| Parlato Jr. | | | | | | |
| 7/22/2010 | MJB | T | Drafted letter to defendant's lawyer. | | 0.4 | $80.00 |
| 8/03/2010 | GPP | T | Telephone conference with Paul Grenga re discovery schedule. | | 0.2 | $60.00 |
| 8/16/2010 | GPP | T | Telephone conference with Paul Grenga re discovery responses. | | 0.1 | $30.00 |
| 8/18/2010 | BC | T | Meeting with Mr. Photiadis re discovery issues; reviewing and analyzing available sanctions under Federal Rules of Civil Procedure 26, 37, and local rules; preparing notice of motion to compel and for sanctions. | | 0.5 | $87.50 |
| 8/18/2010 | GPP | T | Conference with Ms. Clor re filing motion to compel and for sanctions. | | 0.2 | $60.00 |
| 8/19/2010 | BC | T | Drafting attorney declaration re motion to compel; compiling exhibits; researching W.D.N.Y. case law re sanctions prior to an order by the courts to compel. | | 1.3 | $227.50 |
| 8/19/2010 | FH* | T | Revising notice of motion to compel and supporting affidavit; assembling and scanning exhibits to motion to compel; finalizing and e-filing notice of motion with affidavit and exhibits. | | 1.2 | $78.00 |
| 8/23/2010 | BC | T | Preparing email to counsel for defendants re discovery responses and telephone conference with his office re same. | | 0.2 | $35.00 |
| 8/26/2010 | BC | T | Preparing email to counsel for defendants re outstanding discovery responses. | | 0.1 | $17.50 |
| 8/27/2010 | BC | T | Updating attorney declaration of Photiadis re motion to compel. | | 0.2 | $35.00 |
| 9/01/2010 | AML* | T | Revising and finalizing second motion to compel and supporting declaration. | | 0.3 | $25.50 |
| 9/01/2010 | BC | T | Finalizing second motion to compel and coordinating filing re same; reviewing response filed by Mr. Parlato re interrogatory answers and text orders/notes by the Court re same. | | 0.3 | $52.50 |
| 9/03/2010 | BC | T | Reviewing and analyzing Mr. Parlato's answer to interrogatories, conducting legal research re proper verification of interrogatories and shephardizing case law re same; preparing letter to counsel for Mr. Parlato re deficiency of verification, and related discovery issues. | | 1.4 | $245.00 |

**Duke, Holzman, Photiadis & Gresens LLP**
1800 Main Place Tower
350 Main Street
Buffalo, New York 14202-3718

# History Bill

Date:   2/10/2011

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| 9/09/2010 | GPP | T | Conference with Ms. Clor re discovery matter and collection of proof. | 0.3 | $90.00 |
| 9/10/2010 | BC | T | Reviewing and responding to email from Mr. Cordish re supplemental disclosure and motion to compel. | 0.1 | $17.50 |
| 9/13/2010 | BC | T | Working on letter re objections to Mr. Parlato's answers to interrogatories. | 0.3 | $52.50 |
| 9/16/2010 | BC | T | Shepherdizing case law re waiver of untimely objections and contention interrogatories; finishing letter re objections to defendants' answers to interrogatories and related discovery issues. | 2.1 | $367.50 |
| 9/20/2010 | BC | T | Reviewing and responding to client email re deadline for defendants to respond to discovery deficiencies; drafting notice of third motion to compel and attorney declaration in support. | 1.1 | $192.50 |
| 9/21/2010 | BC | T | Drafting memorandum of law in support of third motion to compel. | 2.1 | $367.50 |
| 9/21/2010 | AML* | T | Brief conference with Ms. Clor re defendants' Rule 26 disclosure and motion to compel; securing current docket; reviewing declaration in support of third motion to compel; analyze docket and file documents for dates and entries for declaration; assembling exhibits to declaration. | 0.9 | $76.50 |
| 9/22/2010 | AML* | T | Continued revisions to declaration in support of third motion to compel. | 0.8 | $68.00 |
| 9/23/2010 | BC | T | Conducting legal research re whether preclusion is autom atic under Federal Rule of Procedure 37 where a party fails to serve initial disclosures under Rule 26; continuing to draft memorandum of law in support. | 2.5 | $437.50 |
| 9/23/2010 | AML* | T | Continued revisions to affirmation in support of third motion to compel. | 0.6 | $51.00 |
| 9/24/2010 | BC | T | Continuing to draft memorandum of law in support of third motion to compel; finalizing motion, declaration, and supporting documents for filing. | 1.8 | $315.00 |
| 9/24/2010 | AML* | T | Further revising and finalizing third motion to compel, supporting affirmation and memorandum of law; e-filing third motion to compel. | 1.1 | $93.50 |
| 10/15/2010 | GPP | T | Examination of Grenga response to motions to compel. | 0.2 | $60.00 |
| 10/18/2010 | AML* | T | Download and e-mail defendants' response to plaintiffs' third motion to compel. | 0.3 | $25.50 |
| 10/18/2010 | BC | T | Reviewing and analyzing defendants' cross-motion and docket changes by the Court. | 0.4 | $70.00 |

Duke, Holzman, Photiadis & Gresens LLP
1800 Main Place Tower
350 Main Street
Buffalo, New York 14202-3718

# History Bill

Date:   2/10/2011

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| 10/27/2010 | BC | T | Drafting reply declaration in further support of third motion to amend and in opposition to cross-motion to compel by defendants. | 1.5 | $262.50 |
| 10/28/2010 | BC | T | Conducting legal research re whether busy law office practice or outside distraction qualifies as good faith reason to fail to meet deadlines or as "excusable neglect" and necessity to move under FRCP 6 to extend time; working on reply declaration. | 3.2 | $560.00 |
| 10/29/2010 | BC | T | Finalizing reply declaration and coordinating filing. | 0.3 | $52.50 |
| | | | Subtotal | 26.00 | $4,193.00 |

| Date | Staff | T/E | Description | Dur/Qty | Amount |
|------|-------|-----|-------------|---------|--------|
| 9/13/2010 | | E | Westlaw Research for August | 1 | $60.92 |
| 10/18/2010 | | E | Westlaw Research for Sept., 2010 | 1 | $75.64 |
| | | | Subtotal | 2.00 | $136.56 |

| | | Dur/Qty | Amount |
|---|---|---------|--------|
| **Total Time and Expenses** | | **28.00** | **$4,329.56** |