UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID CORDISH, et al.,

                                          Plaintiffs,                    10-CV-0325A (Sr)

v.

FRANK PARLATO, JR., et al.,

                                          Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

Plaintiffs commenced this action alleging that defendant Frank Parlato, Jr. authored defamatory and libelous articles published by Niagara Roar Publications, Inc., d/b/a the Niagara Falls Reporter, a weekly newspaper which is also available online. Dkt. #1. Plaintiffs have stipulated to the dismissal of defendant Niagara Roar Publications, Inc. Dkt. #26.

By Decision and Order entered February 9, 2011, the Court granted plaintiffs' motions to compel and determined that an award of attorneys' fees was appropriate. Dkt. #28. The Court directed plaintiffs' counsel to submit an accounting of time spent communicating with defense counsel regarding overdue Rule 26 disclosures and discovery responses, as well as the time spent preparing their motions to compel

and defending against the defendant's motion to compel.  Dkt. #28.  Defendant was afforded an opportunity to be heard with respect to this accounting within thirty days of its filing.  Dkt. #28.

Plaintiffs' counsel submitted a declaration detailing the experience, hourly rate and time expended by the attorneys and paralegals involved in the issues underlying the Court's decision with respect to the motions to compel.  Dkt. #31.  Plaintiffs' counsel requests an award of $4,193.00 in attorneys' fees plus $136.56 in electronic research fees.  Dkt. #31.  Defendant did not file a response.

The calculation of a reasonable attorney's fee is governed by the lodestar approach, which requires the Court to multiply "the number of hours reasonably expended" by a "reasonable hourly rate."  *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983).  In order to properly assess whether hours were reasonably expended, the application should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done."  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).  "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."  *Id.* (internal quotations and citations omitted).  A reasonable rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Upon review of the declaration and supporting exhibits, the Court is of the opinion that the hourly rates of $300 for Mr. Photiadis, $200 for Mr. Beck, and $175 for Ms. Clor are reasonable and in keeping with the standards and rates in the Western District of New York for attorneys of their stature.  Moreover, the bulk of the legal work at issue was appropriately handled by Ms. Clor with assistance from paralegals.  Thus, the Court finds it appropriate to award plaintiffs $4,193.00 in attorneys' fees, payable within 30 days of the entry of this Decision and Order.  The Court declines to include the cost of electronic research in its award.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**April 19, 2011**

      <u>s/ H. Kenneth Schroeder, Jr.</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**